**Filed**

SEP 03 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DAVID SAMPSON HUNTER, | ) | Case No. C 14-1639 PSG (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) | |
| MEDICAL PERSONNEL, | ) | |
| Defendant. | ) | |

David Sampson Hunter, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Hunter's motion for leave to proceed in forma pauperis ("IFP") is granted in a separate order.[1] The court also dismisses Hunter's complaint with leave to amend.

///

///

---

[1] The court notes that it recently denied IFP in *Hunter v. Mark*, Case No. 14-1446 PSG (pr), in which Hunter was the complainant because Hunter had filed more than three actions that were subsequently found to be frivolous, malicious, or failed to state a claim, pursuant to 28 U.S.C. § 1915(g). However, in this action, it is arguable that Hunter presents a plausible allegation that he was faced with imminent danger of serious physical injury at the time he filed his complaint. Thus, at this time, Hunter's allegations do not bar pauper status for him.

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

## I. DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.[5]

B. Legal Claims

Hunter alleges that medical officials refused to give him any medical treatment. Specifically, Hunter claims that he needs a medication called "flomax" for his prostate infection. Without this medication, Hunter's scrotum swells up and he has to urinate every thirty minutes without drinking much water. Hunter asserts that his bladder is in severe pain.

Liberally construed, Hunter's complaint appears to assert a claim of deliberate indifference to serious medical needs. A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.[6] However, Hunter provides no facts as to any defendant's response to any request for medication or treatment. Further, Hunter only names as a defendant "medical personnel."

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

Hunter must name individual defendants upon whom the court can issue service and serve all process. In naming an intended defendant, Hunter should keep in mind under 42 U.S.C. § 1983, liability may be imposed on an individual defendant if Hunter can show that the defendant proximately caused the deprivation of a federally protected right.[7] A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.[8]

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Hunter will be provided **thirty days** within which to correct the deficiencies as stated. If Hunter fails to file an amended complaint naming at least one individual defendant, the court may dismiss the complaint without prejudice to Hunter later filing an action after he has ascertained the identity of the intended defendant.

## II. CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Hunter's complaint is DISMISSED WITH LEAVE TO AMEND. Hunter shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-1639 PSG (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on Hunter and what right(s) Hunter alleges was violated. Hunter may not incorporate material from the prior complaint by reference. If Hunter files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

---

[7] *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

[8] *See id.* at 633.

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
3

2.   Hunter is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[9] Defendants not named in an amended complaint are no longer defendants.[10]

3.   It is Hunter's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9.3.14

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[10] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).