**FILED**

OCT 17 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SAMPSON HUNTER,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL PERSONNEL,<br><br>    Defendant. | Case No. C 14-1639 PSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

    David Sampson Hunter, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. On September 3, 2014, the court dismissed Hunter's complaint with leave to amend. Thereafter, on September 11, September 12, September 16, September 17, September 18, September 22, and September 25, 2014, the court has received pleadings entitled "Amended Complaint."

## I. DISCUSSION

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.[4]

B. Legal Claims

In his initial complaint, Hunter alleged that medical officials refused to give him any medical treatment. Specifically, Hunter claimed that he needs a medication called "flomax" for his prostate infection. Liberally construed, the court found that Hunter's complaint appeared to assert a claim of deliberate indifference to serious medical needs. However, Hunter provided no facts as to any defendant's response to any request for medication or treatment, nor did he provide any particular defendant's name. Thus, the court dismissed the complaint with leave to amend so that Hunter could identify a defendant, while keeping in mind the necessary element of causation.

However, rather than file one amended complaint, Hunter has filed eight pleadings, seven of which were labeled "amended complaint." At least one of those "amended complaints" sets forth Hunter's original claim regarding flomax. The remaining "amended complaints" appear to contain unrelated allegations. Because the court cannot determine which "amended complaint" Hunter desires to be the operative complaint, the court will dismiss all of the "amended complaints" filed in September 2014, and direct Hunter to file one comprehensive but concise amended complaint in which he sets forth "a short and plain statement of the claim showing that

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

the pleader is entitled to relief."[5]

Hunter is reminded that in general, to comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."[6] For each claim, Hunter must specifically identify each defendant to the best of his ability, and specify what constitutional right he believes each defendant has violated. Importantly, Hunter must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.[7] There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[8] Again, Hunter is reminded that his claims must be set forth in one operative amended complaint using short and plain terms.

## II. CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Hunter's amended complaints are DISMISSED WITH LEAVE TO AMEND. Hunter shall file a SECOND AMENDED COMPLAINT within thirty days from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 14-1639 PSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The second amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on Hunter and what right(s) Hunter alleges was violated. Hunter may not incorporate material from the prior complaint by reference. If Hunter files a second amended complaint, he must allege, in

---

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

[7] *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

[8] *Rizzo v. Goode*, 423 U.S. 362 (1976).

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. Failure to file a second amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2.     Hunter is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[9] Defendants not named in an amended complaint are no longer defendants.[10]

3.     It is Hunter's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _10·17·14_

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[10] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 14-1639 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4